USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06 SEP 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

AHMED CHOULLAM,

       Movant,

                          No. 05 Cr. 523 (LTS)
   -v-                     No. 10 Civ. 5257 (LTS)

UNITED STATES OF AMERICA,

       Respondent.

-------------------------------------------------------x

## ORDER

       Ahmed Choullam ("Choullam"), proceeding pro se, moves pursuant to 28 U.S.C.

§ 2255 to vacate, set aside, or correct the sentence imposed on him by this Court. Choullam

asserts that he received ineffective assistance of counsel during his trial and on appeal in

violation of the Sixth Amendment to the Constitution of the United States. The Court has

considered thoroughly all of the parties' submissions. For the following reasons, the motion is

denied in its entirety.

### BACKGROUND

       On October 30, 2006, Choullam was arrested. He consented in English, orally

and in writing, to a search of his apartment. Choullam also orally waived his Miranda rights and

made a number of statements that were used as evidence against him at his trial. Choullam was

charged with conspiracy to import hashish and conspiracy to distribute and possess with intent to

distribute hashish.

       Before Choullam's trial, the Court held a suppression hearing to determine

whether Choullam was sufficiently proficient in English to have knowingly and voluntarily

Copies mailed/faxed to _MR Choullam_
Chambers of Judge Swain    9-6-11

waived his <u>Miranda</u> rights.  Choullam contended that he did not understand English well enough to know that he could remain silent and that any statements he made could not be used against him.  The Court found that Choullam had understood the English-language <u>Miranda</u> warnings and voluntarily waived his rights.  (March 3, 2008 Order, docket entry no. 274).

Choullam's five-day trial commenced in March of 2008.  During the trial, defense counsel elicited testimony from a cooperating co-defendant that Choullam could arrange for somebody in Morocco to be beheaded.  On a separate occasion, a juror ("Juror no. 1") sent a note to the Court stating that he was frustrated that defense counsel's questioning was redundant.  Defense counsel asked for a mistrial and, in the alternative, that the juror be dismissed.  The Court questioned Juror no. 1 in the presence of counsel and determined that Juror no. 1 was impartial and able to continue serving on the jury.  The motion to dismiss the juror or declare a mistrial was denied.  During closing arguments, the Government used a photo array of co-defendants.  Defense counsel objected to the Government's use of the photo array of co-defendants on the grounds that Choullam was Middle Eastern and that the photo array's similarity to the one used for the September 11, 2001, hijackers could bias the jury.  The Court overruled the objection.

On April 4, 2008, the jury convicted Choullam of conspiracy to import hashish in violation of 21 U.S.C. § 963, and of conspiracy to distribute and possess with intent to distribute hashish in violation of 21 U.S.C. § 846.  On September 12, 2008, the Court sentenced Choullam principally to a 170-month prison term.

The Court of Appeals affirmed Choullam's conviction and sentence by summary order issued as a mandate on January 20, 2010.  Choullam thereafter filed the instant motion, claiming that he had received ineffective assistance of counsel during both his trial and on appeal

in violation of the Sixth Amendment to the Constitution. Choullam asserts that counsel was ineffective for: (1) failing to investigate Choullam's English-language capability sufficiently to be able to persuade the Court that Choullam's waiver of his <u>Miranda</u> rights was invalid; (2) failing to preserve the <u>Miranda</u> rights waiver issue for appeal; (3) failing to renew the suppression motion at trial; (4) failing to broaden the pretrial suppression motion to include physical evidence seized during the search of Choullam's residence; (5) failing to pursue a mistrial adequately; (6) eliciting inflammatory testimony; and (7) failing to appeal this Court's decisions denying his request for a mistrial and denying the pretrial suppression motion.

DISCUSSION

A movant may prevail on a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 if he can show that he received ineffective assistance of counsel. <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 505–06 (2003). A claim of ineffective assistance of counsel must satisfy the two-pronged test articulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). A movant must show first "that counsel's performance was deficient, that is, the attorney made errors so serious that the representation fell below an objective standard of reasonableness," and second, that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." <u>Id.</u> at 687-88, 95. Regarding the first prong, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Bell v. Miller</u>, 500 F.3d 149, 156 (2d Cir. 2007) (citing <u>Strickland</u>, 466 U.S. at 689). With respect to the second prong, the requisite prejudice is shown if, but for the deficient performance, there was a "reasonable probability" that the outcome of the proceeding would

have been different.  A reasonable probability is a probability "sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.  When a petitioner fails to satisfy the first prong of the <u>Strickland</u> test for ineffective assistance of counsel, courts need not reach the second prong of the test.  <u>See</u> <u>Jameson v. Coughlin</u>, 22 F.3d 427, 430 (2d Cir. 1994).  Although the <u>Strickland</u> rule was "formulated in the context of evaluating a claim of ineffective assistance of trial counsel, the same test is used with respect to appellate counsel." <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir. 1994).

Choullam argues that he received ineffective assistance in seven respects. Choullam's first claim is that his attorney was constitutionally ineffective in connection with the pre-trial suppression hearing because he did not investigate sufficiently Choullam's lack of English language skills and thus failed to persuade the Court that Choullam's waiver of his <u>Miranda</u> rights was invalid.  Choullam is a native of northern Morocco and claims he could not have knowingly and voluntarily waived his <u>Miranda</u> rights because he had only a rudimentary grasp of English.  Notwithstanding Choullam's contentions regarding his counsel's failure to comprehend Choullam's linguistic limitations, Choullam's counsel presented evidence – in the form of Choullam's own testimony – designed to demonstrate Choullam's lack of facility with the English language.  The Court understood well Choullam's contention that he did not understand, and could not have understood, the English language warnings and questions of the law enforcement officer on the date of his arrest.  The Court did not find Choullam's testimony on this issue credible.  Aside from the conclusory assertion that counsel's investigation was insufficient, Choullam does not identify any deficiency on the part of his attorney in prosecuting the motion to suppress, much less one that fell below an objective standard of reasonableness. Indeed, the gravamen of his claim that counsel was constitutionally deficient is the fact that

counsel did not persuade the Court to grant the suppression motion. The Sixth Amendment does not, however, require that counsel prevail on every motion to qualify as constitutionally effective.

Choullam's second ineffective assistance claim is that his counsel failed to preserve the aforementioned suppression motion for appeal by neglecting to re-raise the objection at trial. (Pet'r's Br. at 13-15). This claim is without merit. Having been fully litigated, the waiver issue was in fact preserved for appeal. Re-raising the objection at trial would have been a gratuitous gesture.

Choullam's third claim is closely related to his second – namely, that counsel's failure to renew the suppression motion at trial was itself ineffective assistance. Choullam does not claim that new facts or law germane to the waiver issue had come to light in the period between this Court's March 3, 2008 Order and the trial, which began on March 19, 2008. Given that the Court had denied the motion shortly before the trial commenced, counsel was under no obligation to renew a motion that was virtually certain to fail. "Counsel certainly is not required to engage in the filing of futile or frivolous motions." <u>U.S. v. Nersesian</u>, 824 F.2d 1294, 1322 (1987).

Choullam's fourth claim is that his counsel was ineffective for failing to broaden the pretrial suppression motion to include physical evidence seized during the search of Choullam's residence. It is undisputed that Choullam indicated his consent to the search but, as with his waiver of his <u>Miranda</u> rights, Choullam now contends that he did not understand the English language sufficiently to knowingly waive his right. The factual basis for this claim is the same as that of his motion to suppress his post-arrest statements (i.e., lack of English language comprehension). Since Choullam's assertion that he did not comprehend enough

English to knowingly waive his <u>Miranda</u> rights was not found credible by the Court in a previous suppression hearing, counsel's decision not to file a separate motion predicated on identical grounds was not objectively unreasonable.

Choullam's fifth claim is that counsel was ineffective for failing to adequately pursue a mistrial on three separate occasions. The first of these occasions occurred when Juror no. 1 sent his note to the Court complaining of redundancies in the questioning of witnesses by the defense. The second occasion was when Choullam's counsel himself brought out possibly inflammatory testimony from a cooperating co-defendant regarding Choullam's ability to have an individual beheaded. The third occasion concerned a "9/11 style photo line-up" used by the Government during the summation.

As to the first mistrial contention, defense counsel moved for dismissal of Juror no. 1 and requested that a mistrial be declared. (Trial Tr. at 601). The Court then examined the juror in the presence of both counsel, heard counsels' remarks, and ascertained that the juror could be fair and impartial. The Court denied both the mistrial motion and the application by the defense for dismissal of the juror, not because defense counsel failed adequately to advocate for his desired result, but because the Court was persuaded by the juror's testimony that he remained impartial. Counsel's failure to prevail, despite his reasonable efforts, does not amount to ineffective assistance.

Choullam's claim that his counsel was ineffective for not pursuing a mistrial after a cooperating witness claimed that Choullam could get people beheaded in Morocco is equally meritless. The inflammatory testimony that Choullam asserts biased the jury was elicited on cross-examination by Choullam's own counsel. Counsel made a strategic decision that the best way to handle the cooperating witness was to undermine his credibility by eliciting assertions

about Choullam that would strike the jury as hyperbolic or absurd.  While the strategy might have been an ill-advised one, courts do not second-guess the tactical decisions of defense counsel unless those decisions are objectively unreasonable.  See Strickland, 466 U.S. at 689.  It is not objectively unreasonable for an attorney to refrain from seeking a mistrial on the basis of testimony that he purposefully elicited to discredit an opposing witness.

Choullam's claim that counsel did not properly seek a mistrial when the government used a photo array is frivolous.  Not only is the use of such photo arrays standard practice in this District, Counsel did object to the use of the photo array and that objection was overruled.[1]

Choullam next challenges the propriety of his counsel's strategy of eliciting testimony from the cooperating witness on the ground that it portrayed Choullam as a terrorist. When evaluating whether counsel's representation was objectively unreasonable the Court must make an effort "to eliminate the distorting effects of hindsight" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id.  As explained above, Choullam's counsel's decision to attempt to undermine a cooperating co-defendant's credibility by eliciting outlandish, if inflammatory, statements was a strategic choice which courts are "ill-suited to second-guess."  See United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998).

Choullam next claims that his trial counsel was ineffective because he failed to preserve certain claims for appeal – namely, his counsel's failure to move to suppress the

---

[1]     In Petitioner's reply brief, he argues that each of these issues should not be consider merely in isolation, but also in the aggregate. (Pet'r's Reply Br. at 9). As explained here, each argument on its own is without merit.  They are equally meritless when considered in the aggregate.

physical evidence obtained during the search of his residence and his failure to object to the inflammatory testimony. In light of the undisputed evidence that Choullam indicated his consent to the search of his residence and the Court's determination that Choullam understood English well enough to voluntarily waive his rights, counsel's failure to move to suppress the physical evidence in order to preserve the issue for appeal was not objectively unreasonable. Likewise, defense counsel's failure to preserve the claim that the co-defendant's testimony was inflammatory was not objectively unreasonable because that testimony was intentionally elicited by defense counsel.

Choullam also claims that his counsel was ineffective at the appellate level because he failed to raise issues that were preserved. The two issues Choullam identifies were this Court's denial of his motion for a mistrial in connection with Juror no. 1's note, and the denial of the suppression motion concerning Choullam's post-<u>Miranda</u> statements. Appellate counsel has no duty to raise every possible argument on appeal. <u>See</u> <u>Jones v. Barnes</u>, 463 U.S. 745, 754 (1983); <u>accord</u> <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir. 1994). In order to prevail on this appellate omission claim, Choullam must demonstrate that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." <u>Mayo</u>, 13 F.3d at 533. An appeal of this Court's decision denying the request for a mistrial would have had a vanishingly small chance of success because, before ruling on the request, the Court questioned the juror in the presence of counsel and concluded that the juror was fit to serve. A district court has "broad discretion" in determining whether jurors are fit to serve and the Court's determination that a juror can fairly and impartially hear a case "must be upheld absent 'clear abuse' of that discretion." <u>U.S. v. Garcia</u>, 936 F.2d 648, 653 (2d Cir. 1991) (citing <u>United States v. Ploof</u>, 464 F.2d 116, 118, n.4 (2d Cir. 1972)). Given this high bar and the

absence of any identifiable error by the Court in denying the mistrial, it was not objectively unreasonable for appellate counsel to refrain from appealing the denial.

An appeal of this Court's decision to deny the pre-trial suppression motion would have been equally unlikely to succeed. The Court conducted a hearing on the motion and found the Government had carried its burden of proving Choullam's knowing and voluntary waiver, and that "Choullam's testimony and his demonstration of language ability at the hearing were not credible." (March 3, 2008 Order, docket entry no. 274). This credibility determination, if appealed, would be reviewed under the clear error standard. See United States v. Canova, 412 F.3d 331, 351 (2d Cir. 2005). Choullam can point to nothing in the record, other than the adverse outcome, that suggests there was any error in the Court's assessment of Choullam's language ability. Since Counsel was objectively reasonable in not appealing this issue and there is no showing of any reasonable probability of a different outcome had Choullam's counsel appealed, the Strickland standard for ineffective assistance of counsel is not met.

CONCLUSION

For the foregoing reasons, Choullam's motion for relief under 18 U.S.C. § 2255 is denied in its entirety. The Clerk of the Court is respectfully requested to enter judgment denying the motion and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). The petitioner may not appeal this order to the Court of Appeals unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West 1994 & Supp. 2002). A certificate will be granted, "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see generally United States v. Perez,

129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).  As the Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

SO ORDERED.

Dated: New York, New York
September 6 , 2011

_____
LAURA TAYLOR SWAIN
United States District Judge